IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CONTRACTORS BONDING AND INSURANCE
COMPANY,

        Plaintiff,

v.                                                                                                 CIVIL NO.   3:22-cv-00449

MARTIZA ANDRADE, INDIVIDUALLY
AND D/B/A GEM CONSTRUCTION
AND REMODELING

        Defendants.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Contractors Bonding and Insurance Company ("CBIC"), files this Complaint for Declaratory Relief against Defendant Martiza Andrade individually and d/b/a GEM Construction and Remodeling (collectively "Andrade"), as follows:

## I.
## PARTIES

1.      Plaintiff CBIC is an Illinois domiciled insurance company organized and existing under the laws of the State of Illinois with its principal place of business in the State of Illinois and is, therefore, a citizen of Illinois, as defined by 28 U.S.C. §1332.

2.      Defendant Martiza Andrade is an individual resident of Garland, Texas with his domicile and residence at 4010 Commonwealth Drive, Garland, Texas, 75043. Martiza Andrade individually and doing business as Gem Construction and Remodeling is, therefore, a citizen of Texas, a state other than Illinois, as defined by 28 U.S.C. § 1332. Martiza Andrade individually and doing business as GEM Construction and Remodeling may be served at 4010 Commonwealth Drive, Garland, Texas,

75043.

## II.
## JURISDICTION AND VENUE ALLEGATIONS

3. This is an action for declaratory relief pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. There exists complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest, attorney's fees, and costs as set forth below.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

6. Declaratory relief is proper regarding the subject matter of this action because there is an actual controversy between the parties concerning whether CBIC has a duty to defend and indemnify Andrade against the allegations made by Gamez (the "Underlying Claimant") in an Underlying Lawsuit, Cause no. CC-21-05536-C, pending in the County Court at Law No. 3, Dallas County, Texas. By the terms and provisions of Title 28 U.S.C. §2201, this Court has the power to declare the obligations and duties of the parties and to grant such other relief as may be necessary.

## III.
## GENERAL ALLEGATIONS

**A.    The Underlying Lawsuit**

7. On or about December 17, 2021, the Underlying Claimant filed Plaintiff's Original Petition against Martiza Andrade individually and d/b/a Gem Construction and Remodeling, arising from the injury and death of Jose I. Gamez-Guerra (sometimes also referred Jose Gamez-Corea and hereinafter referred to as "the Decedent") allegedly occurring on or about January 8, 2020, while the Decedent was working on a construction project at 5001 Ben Davis Road, Sachse, Texas. A copy of Plaintiff's Original Petition in the underlying lawsuit, cause number CC-21-05536-C, is attached hereto as Exhibit 1 (the "Underlying Lawsuit").

8. In the Original Petition in the Underlying Lawsuit, the Underlying Claimant alleges that the decedent was hired or employed by Andrade to work on the construction project at the time of his injuries and resulting death. She further alleges that "Gamez-Guerra was carrying a ladder from the truck to the building when he or his ladder contacted a live power line and was electrocuted." As a result, the Underlying Claimant alleges that the Decedent was injured and died.

9. The Underlying Claimant alleges that Andrade was negligent and grossly negligent in allegedly failing to provide proper warnings, secure or make safe the worksite, provide a safe environment, or provide the necessary instrumentalities and/or supervision for the Decedent to work safely.

10. The Underlying Claimant asserts claims under the Texas Wrongful Statute and Texas Survival Statute and seeks monetary damages in the Underlying Lawsuit exceeding $1,000,000.00.

**B.** **The CBIC Policy**

11. CBIC issued a commercial general liability insurance policy, policy no. C11SL8955, to Martiza Andrade DBA GEM Construction and Remodeling effective December 30, 2019 – December 30, 2020, with limits of $1,000,000 per occurrence/$2,000,000 general aggregate (the "CBIC Policy"). A certified copy of the CBIC Policy is attached hereto as Exhibit 2.

12. The insuring agreement of the CBIC Policy provides, in pertinent part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABLITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as

3

damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

13. The CBIC Policy contains the following Exclusionary Endorsement (the "Action Over Endorsement"):

**THIS ENDORSEMENT CHANGES THE POLICY.   PLEASE READ CAREFULLY.**

**ACTION OVER**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** **SECTION I. COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, e. Employer's Liability,** is deleted and replaced with the following:

This insurance does not apply to:

**e.** **Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" or "temporary worker" of any insured arising out of and in the course of:

**(a)** Employment by any insured; or
**(b)** Performing duties related to the conduct of any insured's business; or

**(2)** A fellow "employee" or "temporary worker" of any insured arising out of and in the course of such employment when the insured is an "executive officer" of such employer; or

  **(3)** The spouse, child, parent, brother or sister of that "employee" or "temporary worker" as a consequence of Paragraph **(1)** above.

This exclusion applies:

 **(1)** Whether an insured may be liable as an employer or in any other capacity;

 **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury; or

 **(3)** To any liability assumed under any contract or agreement.

**B.** The following is added to **SECTION I. COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABLITY, 2. Exclusions**

This insurance does not apply to:

**Individuals Doing Work on Your Behalf**

"Bodily injury" to any of the following doing work on your behalf:

 **(1)** Contractor;
 **(2)** Subcontractor;
 **(3)** Independent contractor;
 **(4)** "Employee", "temporary worker" or "volunteer worker" of any contractor, subcontractor or independent contractor; or
 **(5)** The spouse, child, parent, brother or sister of that "employee" or "temporary worker" as a consequence of Paragraph **(1) – (4)** above.

**C.** **SECTION V – DEFINITIONS**, Paragraph **19.** is deleted and replaced with the following:

 19. "Temporary worker" means any person other than an "employee" who is:
  **a.** Furnished to you to substitute for a permanent "employee": or
  **b.** A short-term worker.

14. Pursuant to the Action Over Endorsement, the CBIC Policy does not apply to "bodily injury" to an "employee", a "temporary worker", a contractor, a subcontractor, an independent contractor, or an "employee", "temporary worker" or "volunteer worker" of any contractor, subcontractor or independent contractor.

15. The CBIC Policy also provides as follows:

This insurance does not apply to:

. . . . . .

     **d.**    **Workers' Compensation And Similar Laws**

Any obligation of the insured under workers' compensation, disability benefits or unemployment compensation law or any similar law.

16. The CBIC Policy also contains the following Exclusion Multi-Unit Residential Projects Endorsement (the "Multi-Unit Residential Projects Endorsement"):

THIS ENDORSEMENT CHANGES THE POLICY.   PLEASE READ CAREFULLY.

**EXCLUSION**

**MULTI-UNIT RESIDENTIAL PROJECTS**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**A.** This insurance does not apply and we shall have no duty or obligation to defend or indemnify any insured as to "bodily injury" or "property damage" arising out of "your work" or "your products" or the work or products of any other insured or of any subcontractor working on your behalf:

    **1.** Performed on, used on, or incorporated into any project involving one or more "multi-unit residential project"; or

    **2.** Performed on, used on, or incorporated into the conversion of any building or buildings into "multi-unit residential projects.

**B.** Paragraph A.1. of this exclusion does not apply to:

"Bodily injury" or "property damage" arising out of "your work" or "your products" or the work or products of any other insured or of any subcontractor working on your behalf, performed on or incorporated into a "multi-unit residential project" after project "completion", provided that no part of that work or product involves:

    **1.** The repair of any construction defect which is or has been the subject of litigation, arbitration or any statutory pre-litigation construction defect process;

    **2.** The repair of any work performed prior to "completion" that constitutes "your work" or "your product" or the work or product of any other insured or of any subcontractor working on your behalf; or

    **3.** Any exterior work on, or replacement of, siding, windows, sliding doors or roofing.

**C. Definitions**

    **1.** "Completion" means the time of issuance of the last certificate of occupancy for the project. However, for the "owner" of a single unit within the "multi-unit residential project", completion means the date of the sale of that single unit.

    **2.** "Owner" does not include a condominium association, the developer of the project, or a related entity or any financial institution or property management company with ownership of more than one unit.

    **3.** "Multi-unit residential project" includes but is not limited to projects containing:

        **a.** Condominiums of any size.

        **b.** Structures with more than 2 units that:

            **(1)** Are intended for individual ownership of the units in which all or a portion of the units are leased or rented until the units are sold; or

            **(2)** Have been or are being sold as condominiums, townhomes, cooperatives, row houses or similar entities; or

            **(3).** Are mixed use buildings containing both residential units and commercial space.

        **c.** Appurtenant structures or common areas of a "multi-unit residential project". This includes but is not limited to club houses, driveways, retaining walls, detached garages, sewer lines, swimming pools, parking lots, parking garages or fences.

For purposes of this endorsement, "multi-unit residential project" does not include apartments. However, if any apartments or any other buildings are being converted or have been converted into "multi-unit residential projects" at any time prior to, during, or after the policy period, those buildings are defined as "multi-unit residential projects" from the time the conversion begins.

17. Pursuant to the Multi-Unit Residential Projects Endorsement, the CBIC Policy does not apply to "bodily injury" arising out of "your work" or "your products" or the work or products of any other insured or of any subcontractor working on your behalf performed on, used on, or incorporated into any project involving one or more "multi-unit residential project."

18. Accordingly, under any set of circumstances, and regardless of the capacity in which the Underlying Claimant asserts the underlying claims, there is no coverage under the CBIC Policy for the claims asserted by the Underlying Claimant against Andrade in the Underlying Lawsuit.

19. Andrade tendered the Underlying Lawsuit to CBIC for defense and indemnity under the CBIC Policy. CBIC advised Andrade that the CBIC Policy did not provide coverage for the Underlying lawsuit and that CBIC does not owe Andrade a duty to defend or indemnity in connection with the Underlying Lawsuit.

## IV.

## JURY DEMAND

20. CBIC requests that this civil action be tried before a jury.

## V.

## PRAYER

WHEREFORE, for the foregoing reasons, CBIC respectfully requests judgment against Defendants as follows:

1. A declaration that the CBIC Policy does not provide coverage for the Underlying Lawsuit and that CBIC does not owe Martiza Andrade individually or dba GEM Construction and Remodeling a duty to defend or indemnify in connection with or arising from the Underlying Lawsuit; and

2. Such other and further relief as to which CBIC is justly entitled.

Dated: February 24, 2022.

          Respectfully submitted,

          */s/ Greg K. Winslett*
          _____
          GREG K. WINSLETT
          Attorney-In-Charge
          State Bar No. 21781900
          RICHARD L. SMITH, JR.
          State Bar No. 18671200
          gwinslett@QSLWM.com
          rsmith@QSLWM.com
          QUILLING, SELANDER, LOWNDS,
          **WINSLETT & MOSER, P.C.**
          2001 Bryan Street, Suite 1800
          Dallas, Texas 75201
          (214) 871-2100 (Telephone)
          (214) 871-2111 (Facsimile)

          **ATTORNEYS FOR PLAINTIFF**